Per curiam,
Administration when granted, if the next of kin are infants, should be granted durante minoritale ; if beyond sea, or out of the country, durante absentia; and if otherwise granted, it is erroneous. Where' the next of kin reside in a foreign country, and cannot personally attend to take the administration themselves, they may appoint a pri son in whom they have confidence to take it for them ; and the court ought to grant the administration to their appointee. The court have not executed the power the law gives them, when they have granred letters to a person not designated in that act, before the persons designated have refused : but only where they have granted letters to the proper persons : when they haw- granted liters to improper persons, they may repeal them, and ought to do so. at the application of the persons properly entitled. 1 Cro. 469. Rep. 18, — The consequence is, that the letters in the present case, having been improperly granted to the Defendant, to the prejudice of the next of kin in Europe, should be repealed, and granted to their appointee. H. Bl. Rep. 152.—This was ordered accordingly, and an order of this court was made for the County court to grant letters accordingly.
Quœre, if it should not have been a mandamus — for if they refuse to comply with this order, how are they tobe brought under the penalty of a contempt committed towards this court.
The court further said, that they did not regard the appointment of the trustee of the sequestrated estate of the survivors, because the survivors were entitled to all the joint stock in trade, until the net balance was ascertained ; and as to that, the power of the administrator com-after the business of the survivors was finished ; and besides the administration would extend to suclmf the effect-, of the deceased, as were not apart of the joint stock,’ and the survivors could have nothing to do with that, and the trustee stands only in their place.
Note. — Vide Carthey v. Webb, 1 Car. Law. Rep. 247. S. C. 2 Murph. 268.